Dear Mr. Durant:
This opinion is issued in response to the request of the Department of Transportation and Development ("DOTD"), for a clarification of Opinion Number 04-0091. In that opinion, this office reached the following conclusion:
 . . . it is the opinion of the Attorney General that the Department of Transportation and Development may use the existing right-of-way for the authorized widening and improvement of the highway portion of the bridge and approaches, without paying any compensation to the City of New Orleans or its Public Belt Railroad Commission.
The DOTD request is for a clarification as to which properties purchased by the Public Belt Railroad Commission ("PBRC") of the City of New Orleans, constitute those properties comprising, purchased for, and available for, right-of-way for the widening and improvement of the Huey P. Long Bridge approaches.
DOTD has provided to this office copies of acts of sale or transfer to the PBRC of all of such properties on which the existing bridge approaches have been constructed.
A careful examination of said transfers, and of available city ordinances authorizing the transfer, shows that:
1. City of New Orleans Ordinance No. 5842 authorized the transfer to the PBRC of several described tracts as ". . . being necessary for and to be used and employed in the construction of a bridge and appurtenances over the Mississippi River at or near New Orleans, authorized by Act No. 68 of 1916 . . ."
2. One subject parcel was transferred by act dated March 4, 1921, from James D. Byrne, et. al. to New Orleans Public Belt, of record in COB 252, folio 237, official records of Jefferson Parish, Louisiana. No ordinance was found to authorize this parcel, nor was a purpose stated in the transfer document itself. *Page 2 
3. With the exception of the parcel identified as Item 2, above, all of the parcels purchased by the City of New Orleans and on which the existing bridge approach is situated, were subsequently transferred by the City of New Orleans to the PBRC for the City of New Orleans, by act dated March 24, 1948, of record in COB 252, folio 237, official records of Jefferson Parish, Louisiana. Said transfer was authorized by resolution of the PBRC, dated March 25, 1948, which stated that the said lands had been acquired ". . . for the construction and operation of the Mississippi River Bridge and for the construction and operation of the Public Belt Railroad System." The transfer was also authorized by City of New Orleans Ordinance No. 17,185, dated March 5, 1948, which stated that one of the purposes for the acquisition of the lands was, ". . . to acquire, construct, maintain and operate across the Mississippi River, at or near New Orleans, a bridge for railroad and highway uses, together with all approaches, railroad, railway, and highway connections and appurtenances . . ." Of the total parcels described in said transfer, those parcels underlying and surrounding the existing bridge approaches are identified as Item Nos. 31, 38, 39, 40, 41, 42, 43 and 45.
Although DOTD has not located a resolution stating the purpose of the parcel identified as Item 2, above, it is reasonable to conclude that said parcel, which, like the other parcels, underlies and surrounds the existing bridge approaches, was also acquired by the PBRC for the express purpose of providing a right-of-way for the railroad and highway approaches for the Huey P. Long Bridge.
Based on the above information provided by DOTD, and for the reasons given in original opinion number 04-0091, it is the opinion of the Attorney General that all of the property identified above was acquired by the PBRC for the express purpose of providing a right-of-way for the railroad and highway approaches to the Huey P. Long Bridge; and, that any or all of the land comprising said parcels may be used by the DOTD for the improvements to, and widening of, said highway approaches, without payment of any compensation to the City of New Orleans or its Public Belt Railroad Commission.
We trust this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: ________________________________
 TERRY F. HESSICK
 Assistant Attorney General